■ TIMOTHY KRAWCZYK et al., Appellants, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent. [723 NYS2d 779] —Judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Timothy Krawczyk (plaintiff) while launching his boat from defendant's boat launch. Plaintiff backed his vehicle with an attached trailer down the boat launch, which consisted of concrete slabs with expansion gaps between them. Plaintiff stepped onto the boat trailer and, when he attempted to step down from the trailer onto the boat launch, his right boot became caught in an expansion gap and he fell, sustaining injuries. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint based on the doctrine of assumption of the risk. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484). We conclude that stepping into an expansion gap on a boat launch is not a risk inherent in the sport of boating, and thus is not a risk that plaintiff assumed (*see, Morgan v State of New York, supra,* at 488). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.